## WILLIAM SULLIVAN *v.* MRS. URILDA SMITH.

The fact that the plaintiff was indemnified by the insurance company *for his portion* of the wall damaged by the fire, does not impair his right to recover from defendant, reimbursement, to the extent of its value, of that portion of the wall which he had rebuilt, and which he was not paid for by the company, and which was not protected by the policy of insurance, and which defendant had used.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Oliver*, for plaintiff. *Labatt*, for defendant and appellant.

LEA, J. The plaintiff and defendant were owners of adjoining stores on Magazine street.

A fire having destroyed the store of the defendant, the division wall, which was also a wall in common, was injured to such an extent as to make it necessary that it should be demolished and rebuilt. This was done by the plaintiff, who contracted for the rebuilding of the wall, and paid for it. The defendant at the same time, and while the party wall was being rebuilt, commenced rebuilding her own store, and used the party wall for the purpose of supporting the building.

The plaintiff sues for the value of that portion of the wall used by the defendant, which is shown to be worth the full amount claimed in the petition. The fact that the plaintiff was indemnified by the insurance company for *his portion* of the wall damaged by the fire does not impair his right to recover from the defendant reimbursement, to the extent of its value, of that portion of the wall for which he was not paid by the company, and which was not protected by the policy of insurance, and which the defendant has used. It is shown by the evidence that a wall has been built by the plaintiff, which supports the store of the defendant, and that the defendant has not paid for it.

We think she is liable for the value of her share of the common wall. We are not prepared to say that the case is one which justifies damages as for a frivolous appeal.

Judgment affirmed.